IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BARBARA A. PARSONS, )
)
Plaintiff, )
)
v. ) Case No. CIV-08-164-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Barbara A. Parsons (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See,* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 22, 1969 and was 38 years old at the time of the ALJ's decision. She completed her high school education. Claimant has engaged in past relevant work as a order puller and sewing machine operator. Claimant alleges an inability to work beginning December 31, 2003 due to back and leg problems

3

following back surgery, anxiety, and sleep problems.

## Procedural History

On May 5, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On January 8, 2007, Claimant appeared at a hearing before ALJ John Volz in Tulsa, Oklahoma. By decision dated February 20, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On December 21, 2007, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform a range of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in failing to include Claimant's non-exertional mental impairments in

4

his RFC assessment and in hypothetical questioning of the vocational expert at the hearing.

## RFC Evaluation

Because Claimant's allegation of error centers upon her mental limitations, this Court will only make a limited reference to her physical restrictions and impairments.

On March 4, 2002, Claimant had a work-related accident which resulted in a diagnosis by Dr Armen Marouk of a ruptured disk at the L3-L4 level and a left L4 radiculopathy. (Tr. 171-72). On June 6, 2002, Dr. Marouk performed an L3-L4 partial hemilaminectomy, medial facetectomy, foraminotomy, and microdiskectormy. (Tr. 122). Claimant returned to work on August 19, 2002. (Tr. 169).

On April 18, 2003, Claimant was attended by Dr. Bart Rider. He determined Claimant experienced anxiety, fatigue, and situational depression. The latter coincided with the death of Claimant's brother and nephew. (Tr. 137-141). Claimant was referred to Family and Children's Services by Dr. Rider in November of 2003. (Tr. 131).

Claimant re-injured her back in December of 2003 resulting in extensive treatment for pain and a decompressive laminectomy at L3, L4, and L5 and partially at L2 and S1 in March of 2004. Records

for this treatment continued through 2006. (Tr. 128-29, 145, 153, 162, 167-68, 175, 193-96, 231, 271-74).

On January 16, 2006, Claimant was attended by Dr. John Jackson. She complained of chronic back pain as well as anxiety and depression. (Tr. 274). Dr. Jackson prescribed Zoloft for her condition. Id.

On March 16, 2006, Claimant reported that Zoloft was not as effective in controlling her anxiety as the previously prescribed Effexor. (Tr. 273). Dr. Jackson elevated the dosage of Zoloft. Id. On July 10, 2006, Claimant reported "doing well" on Zoloft, noting that it controls her symptoms "okay." (Tr. 272).

In his decision, the ALJ determined Claimant suffered from the severe impairment of status post spinal fusion. (Tr. 20). He concluded Claimant retained the RFC to perform sedentary work that requires a sit/stand option. (Tr. 21). The ALJ did not include anxiety, depression or any mental limitations in Claimant's RFC.

At the administrative hearing before the ALJ, Claimant's counsel stated she was not urging anxiety or depression as a basis for disability. (Tr. 315). Rather, counsel rather vaguely argued anxiety and depression was "not necessarily . . . the main thing. I think she's having trouble sleeping and energy, and it's a combination between the two." Id.

In response, the ALJ succinctly asked:

ALJ: In other words, you're not saying that she can't work because of anxiety?

Atty: No.

ALJ: So you can't work because of your pain?

Clmt: Right.

(Tr. 315).

In step two of the sequential evaluation process, the claimant bears the burden of making "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). The step two determination is based on medical factors alone. Id. at 750. The claimant must make a "de minimis showing of medical severity" or the evaluation process ends, and benefits are denied. Id. at 751.

As previously noted in the review of the medical records in this case, Claimant's anxiety and depression have been treated with medication such that they are no longer a severe condition. Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). Moreover, a Psychiatric Review Technique form completed by Dr. R. E. Smallwood found no medically determinable impairment. (Tr. 197). Additionally, Dr. Janice B. Smith, a consultative examiner, reviewed Claimant's records and agreed with Dr. Smallwood's conclusions. (Tr. 198-99). As a result, the evidence does not

7

support Claimant's contention that the ALJ erred in not finding her anxiety and depression as severe impairment.

### Step Five Evaluation

Claimant also contends the ALJ failed to include her mental limitations in hypothetical questioning of the vocational expert in this case. Since Claimant has no mental limitations, the omission of these restrictions in questioning of the vocational expert and, ultimately, in the ALJ's step five determination was not error.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 30th day of September, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE